IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of a claim filed with the Brotherhood’s Relief & Compensation Fund (BRCF), a non-profit organization for railroad workers, by Robert L. McClatchy III. McClatchy was employed by the Kansas City Southern Railroad (KCSR) when he was terminated for his failure to report an injury that he had received while working. McClatchy then filed a claim with BRCF, which was denied. McClatchy appealed BRCF’s decision to the Adams County Circuit Court, which found that BRCF was entitled to summary judgment. Feeling aggrieved, McClatchy appeals and asserts that the circuit court erred in granting summary judgment on behalf of BRCF.
¶ 2. Finding no error, we affirm the circuit court’s judgment.
FACTS
¶ 3. On February 3, 2007, McClatchy was working as a conductor for KCSR when he fell and twisted his knee. McClatchy was aware that the KCSR’s rules and regulations required that he report any work-related injury immediately; however, McClatchy did not do so. Over two weeks later, McClatchy was at work and limping as a result of the injury when his supervisor asked him why he was limping. McClatchy told his supervisor that he had injured his knee in a fall on February 3.
¶ 4. McClatchy was removed from service for failing to report his injury. On *547 March 6, 2007, after an investigation by the railroad, McClatchy was terminated from his employment. Three days later, McClatchy filed a claim for “held out of service” benefits with BRCF. On March 14, 2007, BRCF denied McClatchy’s claim. McClatchy filed an appeal of that decision on April 11, 2007; the appeal was also denied by BRCF.
¶ 5. BRCF’s constitution states that a member is not eligible for “held out of service” benefits if his claim is “based in whole or in part upon refusal to perform any duty or service for the employer, insubordination[, or] misrepresentation of facts to the employer.” The definitions in BRCF’s constitution note that a member cannot be found to be “held out of service” if he was disciplined “because of any willful or intentional violation or infraction of any ... rule ... of his employer.... ” BRCF ultimately found that McClatchy’s failure to report his injury was a willful and intentional violation of his employment obligations. BRCF’s constitution states the following regarding appeals in cases such as McClatchy’s: “Whether offenses are willful or intentional shall be determined within the discretion of the Board of Directors[,] and no appeal shall lie therefrom.” (Emphasis added).
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Rule 56(c) of the Mississippi Rules of Civil Procedure states that summary judgment should be granted if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” As stated by the Mississippi Supreme Court, “[i]t is well-settled law that clubs and societies, including labor unions, have the right to establish their own rules ... and qualification for membership.” Lowery v. Int’l Bhd. of Boilermakers, Iron Ship Builders & Helpers of Am., 241 Miss. 458, 472, 130 So.2d 831, 836 (1961). “[Judicial review of disciplinary proceedings of a voluntary association should be limited to determining only whether the member disciplined received procedural due process as required by the Fourteenth Amendment to the United States Constitution, and whether the association has conducted its inquiry in accordance with its own rules of procedure.” Multiple Listing Serv. of Jackson, Inc. v. Century 21 Cantrell Real Estate, Inc., 390 So.2d 982, 983 (Miss.1980).
¶ 8. Here, BRCF’s constitution clearly states that members are not entitled to “held out of service” benefits if they committed a willful or intentional violation of an employer’s rules and regulations. The constitution further states that BRCF’s determination that a violation was willful or intentional is final and unappealable. After reviewing McClatchy’s case, BRCF found that his failure to report his injury was a willful or intentional violation of the KCSR’s rules.
¶ 9. In its order granting summary judgment, the circuit court stated the following:
The undisputed facts are that the plaintiff sustained an injury at work, thought it would resolve itself, and only reported it to his employer days later, while he was working with a noticeable limp. Plaintiffs employment rules clearly require immediate reporting of any on the job injury.
Again, each party seeks to paint the essentially undisputed facts in the light most favorable to their position. Defen *548 dant contends that plaintiff willfully violated the rules by failing to immediately report an injury, resulting in his termination. Plaintiff contends that he did not willfully fail to report an injury, thinking it was only some temporary soreness in his knee, which failed to resolve and left him unexpectedly limping days later.
For purposes of summary judgment, any reasonable doubt of genuine issues of fact are to be resolved against the moving party. The court is not to weigh the sufficiency of the evidence on either side of the issue, just seek to identify if it is there. It appears to the court that the plaintiff has at least raised a genuine issue of fact as to whether he “willfully” failed to report an injury. It can reasonably be argued that every bump, bruise, or other pain[-]causing event while at work does not necessarily constitute a know[n] injury, and that failing to immediately report same is not “willfully” violating the rule of immediate injury reporting.
However, the constitution significantly provides that “whether offenses are willful or intentional shall be determined within the discretion of the Board of Directors and no appeal shall lie therefrom.” In this case[,] the initial denial of benefits was appealed by the plaintiff to the Board of Directors, which denied same.
While there is a genuine issue of fact as to whether the plaintiffs actions were willful or not, by contract, the constitution vests that discretion in the Board of Directors. The court finds that there is no genuine issue of fact that the Board of Directors abused their contractually vested discretion in any way. It would appear that the reason for this provision is the proposition that for a closed railroad employee organization such as this, the Board of Directors is in a better position than the courts and juries to decide the discretionary issues involved, in line with the purpose for the member benefits and protections from the actions of railroad management.
For the reasons set out above, the court finds that there are no genuine issues of fact for a jury trial, and summary judgment is therefore granted in favor of the defendant.
Having reviewed the record, this Court cannot find reversible error with the circuit court’s judgment. As the circuit court noted, BRCF’s constitution clearly vested the Board of Directors with the discretion to determine whether a particular violation was willful or intentional. BRCF found that McClatchy’s failure to report was willful and intentional. As a private organization, BRCF has the discretion to establish its own rules and regulations. McClatchy has not provided any evidence or authority to suggest that BRCF’s constitution was contradictory or was not followed by BRCF in denying McClatchy’s claim for benefits. Accordingly, we agree with the circuit court that there was no genuine issue of material fact and that summary judgment was appropriate.
¶ 10. This contention of error is without merit.
¶11. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.